IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAUTO REYNOSO, ) | Case No. 09-3225 SC |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | <u>MOTION TO REMAND</u> |
| v. ) | |
| ) | |
| PAUL FINANCIAL, LLC, SAXON ) | |
| MORTGAGE SERVICES, INC., QUALITY ) | |
| LOAN SERVICE CORP., CITYMUTUAL ) | |
| FINANCIAL, PROFESSIONAL APPRAISERS ) | |
| CO., and DOES 1 though 50, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

This suit involves Plaintiff Adauto Reynoso's ("Plaintiff") allegations that Defendants have engaged in an improper nonjudicial foreclosure upon his home. <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl."). Plaintiff has filed a Motion to Remand to State Court. Docket No. 10 ("Pl.'s MTR"). Defendants Paul Financial, LLC ("Paul Financial"), and Saxon Mortgage Services, Inc. ("Saxon"), have filed Oppositions. Docket Nos. 20 ("Paul Financial Opp'n to MTR"), 27 ("Saxon Opp'n to MTR"). Plaintiff has filed a Reply. Docket No. 31 ("Pl.'s MTR Reply"). Having considered the submissions of each party, this Court has concluded that this Motion is appropriate for determination without oral arguments.

1 For the reasons stated below, the Court DENIES Plaintiff's Motion
2 to Remand.
3     Because this Motion is based purely on removal procedures, it
4 is unnecessary to recount the factual background of this dispute.
5 The background is recounted in detail in this Court's Order re:
6 Motions to Dismiss and Motions to Strike ("MTD Order"), to be
7 issued concurrently with this Order.

## II. LEGAL STANDARD

An action that might have originally been brought in federal court is removable to federal court. 28 U.S.C. § 1441(a).  A plaintiff may bring a motion to remand to challenge whether the removal procedures were proper.  Id. § 1447(c).  "The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper.  The defendants bear the burden of proving the propriety of removal."  Simpson v. Union Pac. R.R. Co., 282 F. Supp. 2d 1151, 1153 (N.D. Cal. 2003) (citation omitted).

## III. DISCUSSION

Plaintiff seeks to remand this action on the grounds that it was improperly removed.  Pl.'s MTR at 2.  Plaintiff notes that Paul Financial's Notice of Removal did not suggest that any other defendant actually consented to remove the suit to federal court. Id.  Courts typically interpret 28 U.S.C. § 1446 to require consent or joinder from all defendants in order for removal to be proper. See, e.g., Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  However, "while all defendants must join in the removal

2

attempt, they need not all execute the same notice of removal document." Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 163 (E.D. Penn. 1995). Any written entry into the record by each defendant, provided each is timely, will render removal proper as long as all other removal conditions are met. See id.

Plaintiff's Motion faults Paul Financial for not including reference to the consent of Quality Loan Service Corp. ("Quality"), Saxon, or CityMutual Financial ("CityMutual"). However, Quality is a party to this action only in its capacity as trustee for the deed of trust -- it has established that it is merely a nominal defendant. See Notice of Nonmonetary Status at 1-2;[1] Cal. Civ. Code § 2924l. Nominal defendants need not consent to removal. Hewitt, 798 F.2d at 1232 ("All defendants must join in a removal petition with the exception of nominal parties."). In addition, Plaintiff cannot fault Defendants for failing to get CityMutual's consent, as Plaintiff has been unable to locate and serve CityMutual. See Docket No. 34. "Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves." Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (citing Community Bldg. Co. v. Maryland Casualty Co., 8 F.2d 678 (9th Cir. 1925)).[2]

Paul Financial therefore only needed to acquire the consent of one party: Saxon. However, Saxon filed its own notice of removal on July 23, 2009 -- exactly thirty days after it was served with

---

[1] The Notice of Non-Monetary Status is attached to the Notice of Removal without exhibit number.
[2] The Complaint also names Professional Appraisers Co. as a Defendant, but Plaintiff indicates that he voluntarily dismissed Professional Appraisers on July 17, 2009, which would have been before Professional Appraisers Co. was required to consent to removal. Pl.'s MTR at 2.

3

1  the Complaint.  See Saxon Opp'n to MTR Ex. B.  This created a
2  duplicative action before this Court, Case No. 09-3225, which the
3  parties have stipulated to dismiss.  Id. Ex. C.  While this is
4  certainly not an efficient way to remove a case to federal court,
5  Saxon's separate notice of removal unambiguously indicates its
6  consent to proceed with this action in federal court.  See
7  Ellerbee, 881 F. Supp. at 163 (holding that separate notice of
8  removal was sufficient to signal consent).  Saxon has timely
9  manifested its consent, and Defendants' procedural error has been
10 corrected.  Plaintiff's Motion to Remand is therefore DENIED.

**IV.  CONCLUSION**

Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2009



UNITED STATES DISTRICT JUDGE

4