United States District Court
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    ADAUTO REYNOSO,                    ) Case No. 09-3225 SC
                                        )
8              Plaintiff,               ) ORDER RE: MOTIONS TO
                                        ) EXPUNGE NOTICE OF PENDING
9         v.                            ) ACTION
                                        )
10   PAUL FINANCIAL, LLC, SAXON         )
11   MORTGAGE SERVICES, INC., QUALITY   )
     LOAN SERVICE CORP., CITYMUTUAL     )
12   FINANCIAL, PROFESSIONAL APPRAISERS )
     CO., and DOES 1 though 50,         )
13   inclusive,                         )
                                        )
14                                      )
               Defendants.              )
15   _____ )
                                        )
16                                      )
     KEVIN CULLINANE AND LISA           )
17   CULLINANE,                         )
                                        )
18             Interveners.             )
19   _____ )

20   I.   **INTRODUCTION & BACKGROUND**

21        This suit involves Plaintiff Adauto Reynoso's ("Plaintiff")

22   allegations that Defendants have engaged in an improper nonjudicial

23   foreclosure upon his home.  See Notice of Removal, Docket No. 1,

24   Ex. A ("Compl.").  Interveners Kevin Cullinane and Lisa Cullinane

25   (collectively, the "Cullinanes") have filed a Motion to Expunge

26   Notice of Pending Action.  Docket No. 19 ("Cullinane MTE").

27   Defendant Mortgage Services, Inc. ("Saxon") has also filed a Motion

28   to Expunge Notice of Pendency of Action.  Docket No. 21 ("Saxon

**United States District Court**
For the Northern District of California

1    MTE").  Plaintiff has submitted a separate Opposition to each

2    Motion to Expunge.  Dockets No. 24 ("Pl.'s Opp'n to Saxon MTE"), 25

3    ("Pl.'s Opp'n to Cullinane MTE").  The Cullinanes and Saxon have

4    both submitted Replies.  Docket Nos. 26 ("Cullinane MTE Reply"), 33

5    ("Saxon MTE Reply").  Having considered the submissions of each

6    party, this Court has concluded that it would be premature to

7    expunge the Notice of Pending Action at this time, and for this

8    reason, the Motions to Expunge filed by Saxon and the Cullinanes

9    are DENIED.

10       The Court will assume familiarity with the facts of this case,

11   which are recounted in the Order re: Motions to Dismiss and Motions

12   to Strike ("MTD Order"), to be issued concurrently with this Order.

13

14   **II.   LEGAL STANDARD**

15       "A party to an action who asserts a real property claim may

16   record a notice of pendency of action in which that real property

17   claim is alleged."  Cal. Civ. Proc. Code § 405.20.  A notice of

18   pendency of action, otherwise known as a notice of lis pendens,

19   "gives constructive notice that an action has been filed affecting

20   title or right to possession of the real property described in the

21   notice.  Any taker of a subsequently created interest in that

22   property takes his interest subject to the outcome of that

23   litigation."  La Paglia v. Super. Ct., 215 Cal. App. 3d 1322, 1326

24   (Ct. App. 1989) (citations omitted).  A party may seek to expunge a

25   lis pendens if the pleading does not contain a real property claim

26   of "probable validity."  Cal. Civ. Proc. Code § 405.32.  Upon a

27   motion to expunge, the party seeking to support to notice of lis

28   pendens must "establish[] by a preponderance of the evidence the

probable validity of the real property claim." Id.; see also
Menjivar v. Trophy Props. IV DE, LLC, No. 06-3086, 2006 U.S. Dist.
LEXIS 76245, *69-70 (N.D. Cal. Oct. 6, 2006).

### III. **DISCUSSION**

The Court DENIES the Motions to Expunge WITHOUT PREJUDICE.
The California Code of Civil Procedure places the burden on the
claimant, who seeks to preserve the notice of pending action
("NPA"), to "establish[] by a preponderance of the evidence the
probable validity of the real property claim." Cal. Civ. Proc.
Code § 405.32. However, the provision does not state that a court
should require plaintiff to make this showing by any particular
time. The Court notes that neither Saxon nor the Cullinanes have
stated that the NPA is presenting a burden or obstacle for any
party. Plaintiff has been granted leave to amend his Complaint,
and several causes of action, such as his fraud claims, have been
dismissed because of Plaintiff's failure to meet pleading standards
rather than because of any finding of implausibility. The Court
therefore concludes that it would be appropriate to address the
Motions to Expunge after Plaintiff has submitted an amended
complaint.

The Court also notes that the attorney for Plaintiff has
apparently misapprehended the burden placed upon Plaintiff by the
statutes governing expungement. Rather than submit any affidavits
or other evidence to establish that he will probably succeed on any
of his claims, Plaintiff's attorney has simply relied upon his
pleadings. This will not be sufficient to meet his burden. It
will not be enough for him to state a valid claim that meets his

United States District Court
For the Northern District of California

burden under Rule 12(b)(6) of the Federal Rules of Civil Procedure, since in this context he is required to establish a probability of success based on a "preponderance of the evidence." Id.  For example, Plaintiff's papers in opposition to the Motions to Expunge provide lengthy analysis of the chain of title, but Plaintiff will be unable to prevail based on such defects unless and until he can establish, by evidence, the credibility of his offer to tender payment of the loan.  See MTD Order, Part IV.A.5.  He cannot meet this burden simply by pleading that he is willing and able to tender.

In addition, the Court will not deny the Motions to Expunge based solely on Plaintiff's assertions that proceeding with discovery may provide some hypothetical basis for concluding that his claims are valid.  If Plaintiff believes that discovery is required to meet his burden under section 405.32, then he will need to identify good cause for that discovery.

///

///

///

///

///

///

///

///

///

///

///

///

**IV.   <u>CONCLUSION</u>**

In conclusion, the Court finds that although Plaintiff has not yet succeeded in meeting his burden with respect to the NPA, the matter is best resolved after Plaintiff has submitted his amended complaint.  The Motions to Expunge submitted by Saxon and the Cullinanes are therefore DISMISSED WITHOUT PREJUDICE.  The Court is willing to revisit this issue after Plaintiff has submitted an amended Complaint.


IT IS SO ORDERED.


Dated: November 16, 2009

_____
UNITED STATES DISTRICT JUDGE