United States District Court
For the Northern District of California

1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   ADAUTO REYNOSO,                    )  Case No. 09-3225 SC
                                       )
8              Plaintiff,              )  SUA SPONTE ORDER REMANDING
                                       )  ACTION FOR LACK OF SUBJECT
9        v.                            )  MATTER JURISDICTION
                                       )
10  PAUL FINANCIAL, LLC, SAXON         )
11  MORTGAGE SERVICES, INC., QUALITY   )
    LOAN SERVICE CORP., CITYMUTUAL     )
12  FINANCIAL, MORTGAGE ELECTRONIC     )
    REGISTRATION SYSTEMS, INC., BANK   )
13  OF NEW YORK MELLON, KEVIN          )
    CULLINANE, LISA CULLINANE, and     )
14                                     )
    DOES 1 though 100,                 )
15                                     )
16             Defendants.             )
                                       )
17  _____)

18  I.   **INTRODUCTION**

19       Plaintiff filed this action in Superior Court of the State of

20  California for the County of San Mateo, alleging a total of twenty-

21  four causes of action.  See Notice of Removal ("NOR"), Docket No.

22  1, Ex. A ("Compl.").  The Complaint included a number of federal

23  causes of action, including alleged violations of the Real Estate

24  Settlement Procedures Act ("RESPA"), the Truth in Lending Act

25  ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the

26  Racketeer Influenced and Corrupt Organizations Act ("RICO").  Id.

27  Defendants thereafter removed this action to federal court, citing

28  the federal questions raised by Plaintiff's federal causes of

1  action.  NOR ¶ 7.

2      After removal, and in response to a number of motions to

3  dismiss filed by various Defendants, this Court dismissed large

4  portions of Plaintiff's Complaint, but granted Plaintiff leave to

5  amend.  Docket No. 44.  Plaintiff thereafter submitted his First

6  Amended Complaint ("FAC").  Docket No. 52.  The FAC does not

7  include the many federal claims that were listed in the original

8  Complaint.  Although the FAC makes several references to documents

9  that are related to TILA, Plaintiff does not base any particular

10  cause of action on the mandates of this or any other federal

11  provision.  The Court notes that complete diversity between the

12  parties is lacking.

13

14  **II.  LEGAL STANDARD**

15      District courts have original jurisdiction over cases that

16  arise under the Constitution, laws, or treaties of the United

17  States.  28 U.S.C. § 1331; See also U.S. Const. art. III, § 2,

18  cl.1.  For a case to be removable as a federal question, it must be

19  a case that could have been brought in a district court because it

20  raises substantial federal questions under 28 U.S.C. § 1331.

21  However, "[i]f at any time before final judgment it appears that

22  the district court lacks subject matter jurisdiction, the case

23  shall be remanded."  28 U.S.C. § 1447(c).

24      When all federal causes of action have been dismissed and no

25  other basis for original jurisdiction exists, or when an amended

26  complaint does not present a federal question, the district court

27  has discretion to decline supplemental jurisdiction over the

28  remaining claims.  See Id. §§ 1367(c), 1447(c); Cal. Dep't of Water

1  <u>Res. v. Powerex Corp.</u>, 533 F.3d 1087, 1091 (9th Cir. 2008);

2  <u>Albingia Versicherungs A.G. v. Schenker Int'l Inc.</u>, 344 F.3d 931,

3  938 (9th Cir. 2003).  When deciding whether to retain jurisdiction

4  under these circumstances, a district court's discretion is

5  informed by considerations "of economy, convenience, fairness, and

6  comity."  <u>See</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 (9th

7  Cir. 1997) (en banc) (citing <u>United Mine Workers of Am. v. Gibbs</u>,

8  383 U.S. 715, 726-27 (1966)).

9

10  **III.  <u>DISCUSSION</u>**

11      **A.    <u>The FAC Presents No Federal Question</u>**

12      The first question is whether remand is permissible; i.e.,

13  whether this suit still involves a substantial federal question

14  over which this Court may assert original jurisdiction.  Under the

15  well-pleaded complaint rule, "federal jurisdiction exists only when

16  a federal question is presented on the face of the plaintiff's

17  properly pleaded complaint."  <u>Caterpillar, Inc. v. Williams</u>, 482

18  U.S. 386, 391 (1987).  Because a plaintiff is "the master of the

19  complaint," he "may, by eschewing claims based on federal law,

20  choose to have the cause heard in state court."  <u>Id.</u> at 398-99.  It

21  appears that this is what occurred in this instance, as the FAC

22  does not include a single facial federal claim within its ten

23  causes of action, even though Plaintiff previously asserted claims

24  under various federal statutes.

25      An "independent corollary to the well-pleaded complaint rule"

26  is that "once an area of state law has been completely preempted,

27  any claim purportedly based on that preempted state law is

28  considered, from its inception, a federal claim, and therefore

1    arises under federal law." Id. at 392.  Subject matter

2    jurisdiction may therefore still exist where a plaintiff has

3    "artfully pled" a federal claim as a state claim.  "Artful pleading

4    exists where a plaintiff articulates an inherently federal claim in

5    state law terms."  Brennan v. Southwest Airlines Co., 134 F.3d

6    1405, 1409 (9th Cir. 1998).  Several of Plaintiff's causes of

7    action, such as his second cause of action for fraud, his ninth

8    cause of action for reformation, and his tenth cause of action for

9    breach of the broker's duty to disclose, could also be pled as

10   colorable federal claims.  However, the fact that the federal

11   claims would have been closely related to the state claims does not

12   give a district court federal question jurisdiction when only state

13   claims are pursued.  Instead, the "dispositive question" is whether

14   or not a federal statute provides the exclusive cause of action for

15   the claims at issue.  Beneficial Nat'l Bank v. Anderson, 539 U.S.

16   1, 9 (2003).  This Court, and numerous other courts, have

17   previously concluded that neither TILA nor RESPA completely preempt

18   state law claims of the type contained in the FAC.  See, e.g.,

19   Bartolome v. Homefield Fin. Inc., No. 09-7258, 2009 U.S. Dist.

20   LEXIS 122148, *4-11 (C.D. Cal. Dec. 11, 2009); Montes v. HomEq

21   Servicing, No. 09-5871, 2009 U.S. Dist. LEXIS 95402, *16 (C.D. Cal.

22   Sept. 29, 2009); U.S. N.A. v. Almanza, No. 09-0028, 2009 U.S. Dist.

23   LEXIS 6896, *5 n.1 (E.D. Cal. 2009); Fardella v. Downey S&L Ass'n,

24   No. 00-4393, 2001 U.S. Dist. LEXIS 6037, *6-7 (N.D. Cal. May 8,

25   2001).  The Court finds no basis for concluding that Plaintiff has

26   "artfully pled" around any necessary federal claims.

27       A substantial federal question might also exist where "the

28   claim is necessarily federal in character, or where the right to

4

**United States District Court**
For the Northern District of California

1  relief depends on the resolution of a substantial, disputed federal

2  question." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d

3  1033, 1041-42 (9th Cir. 2003) (citations omitted).  This may occur

4  where a substantial issue of federal law must be resolved to

5  address a plaintiff's state causes of action.  Grable & Sons Metal

6  Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).

7  However, courts have typically resisted jurisdiction where

8  interpreting a federal law is not necessary to resolving a

9  plaintiff's claim, such as where a plaintiff's causes of action

10  rest on several alternative theories, some of which need not

11  implicate federal law in any way.  See, e.g., Lippitt, 340 F.3d at

12  1042-43; Baker v. BDO Siedman, L.L.P., 390 F. Supp. 2d 919, 921

13  (N.D. Cal. 2005) (finding no jurisdiction where plaintiff could

14  recover under alternate and independent theory); see also Ortega v.

15  HomEq Servicing, No. 09-2130, 2010 U.S. Dist. LEXIS 4591, *16-18

16  (C.D. Cal. Jan 11, 2010) (collecting cases).  This is the case in

17  the current dispute, as Plaintiff pleads numerous alternative

18  theories of recovery under each cause of action that could

19  potentially implicate a federal question.

20      The Court finds that none of Plaintiff's remaining claims

21  necessarily require resolution of questions of federal law.

22  Because either Plaintiff has dropped or "the district court has

23  dismissed all claims over which it has original jurisdiction," this

24  Court "may decline to exercise supplemental jurisdiction" over the

25  remaining claims.  See 28 U.S.C. § 1367(c).

26      **B.   Whether Continued Jurisdiction Is Appropriate**

27      Having concluded that this case no longer presents any

28  substantial federal questions to anchor jurisdiction in this Court,

**United States District Court**
For the Northern District of California

the Court must next consider whether the factors "of economy, convenience, fairness, and comity" warrant remand or the continued exercise of supplemental jurisdiction.  See Acri, 114 F.3d at 1001. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7. (1988).

In this instance, the interests of convenience and fairness weigh neither for nor against remand.  The Superior Court in San Mateo is not remote from this Court, and both courts are at least competent to address the legal issues involved in this dispute. See Bader v. Elecs. for Imaging, Inc., 195 F.R.D. 659, 662 (N.D. Cal. 2000) ("[W]hile a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice.").

The consideration of comity, however, weighs strongly in favor of remand.  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.  Where there are no remaining federal issues of jurisdictional import, the state's interest in resolving disputes over its own law is a compelling incentive to remand. This is especially true where, as here, Plaintiff's allegations are entangled in various issues of statutory law, including the capacity of certain defendants to do business in the state, the scope and applicability of statutory provisions related to contracts in multilingual transactions, and the statutory scheme

surrounding California's non-judicial foreclosure proceedings. Each of Plaintiff's claims are best adjudicated by a California court, and this Court risks overstepping by retaining jurisdiction of a case in which the federal interest is now minimal.

The issue of economy cuts both ways.  On the one hand, Defendants currently have two motions to dismiss that are fully briefed, as well as a third motion to dismiss that has been filed and opposed.  Remand would surely delay resolution of these motions.  In addition, this Court has already addressed an early round of motions to dismiss, and is therefore acquainted with the original allegations.

On the other hand, this suit remains in its nascent stages. Although judicial resources have been spent resolving the first round of motions to dismiss, the result was the dismissal of superfluous and overreaching causes of action.  Any benefit from this expenditure of resources will not be lost on remand. Moreover, in light of the fact that Plaintiff has substantially overhauled his allegations in the FAC, the legal analysis of most of Plaintiff's claims will now need to begin at square one, regardless of the forum.  The resources of the parties will also not be unreasonably taxed upon remand, as the parties should be able to simply refile their pending motions without a substantial increase in costs.  Having concluded that this matter is now best suited for resolution in state court, this Court is hesitant to expend any additional resources on these motions, or play any greater role in shaping the dispute as it moves into its next stages.  The interest of economy therefore weighs in favor or remand.

This Court finds that the interests of comity and judicial economy support remand of this suit to the Superior Court of San Mateo County.  The Court therefore declines to exercise continued supplemental jurisdiction over this matter.

**IV.   CONCLUSION**

This Court finds that the First Amended Complaint lacks any substantial question of federal law, and that this dispute now involves only state law issues.  Having considered the interests of economy, convenience, fairness, and comity, this Court concludes that an exercise supplemental jurisdiction would be imprudent, and that remand is appropriate.  All pending motions are DENIED WITHOUT PREJUDICE for this reason.  This action is to be REMANDED to the Superior Court of California, in and for the County of San Mateo.

IT IS SO ORDERED.

Dated: March 9, 2010

UNITED STATES DISTRICT JUDGE

8